```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANNETTE DEGUARDIA, *as Executor of the Estate
of Louise Nuzzo*,
```

For Online Publication Only

        Plaintiff,

**ORDER**
22-CV-03887 (JMA) (SIL)

   -against-

PALJR LLC, *d/b/a East Neck Nursing and Rehabilitation Center*, EAST NECK NURSING CENTER, INC., ABC CORPORATION, and ABC PARTNERSHIP,

**FILED
CLERK**

1/13/2023 12:33 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

        Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Currently before the Court is the motion of Plaintiff Annette DeGuardia, as executor of the estate of her deceased mother, Louise Nuzzo, to remand this action to state court for lack of subject matter jurisdiction. (ECF No. 11.) Defendants PALJR LLC, doing business as East Neck Nursing and Rehabilitation Center, and East Neck Nursing Center, Inc., oppose Plaintiff's motion. (ECF No. 13.) They argue that this Court may properly exercise subject matter jurisdiction because: (1) Plaintiff's claims "arise under" federal law, as they are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; (2) the Complaint raises "important federal questions" that warrant adjudication in federal court, per Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005); and (3) this Court has jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Id. at 2–3.)

      This Court has already considered, and rejected, the precise arguments in favor of removal that Defendants rely on here. See Escobar v. Mercy Med. Ctr., No. 21-CV-02101, 2022 WL 669366, at *1–3 (E.D.N.Y. Mar. 7, 2022) (rejecting complete preemption, Grable, and federal officer removal theories), appeal filed, No. 22-613. Indeed, the "overwhelming consensus among district courts that have considered the issues presented by the instant motion to remand is that

removal is improper and remand of the case back to state court is required." Aponte v. Our Lady of Consolation Nursing & Rehab. Care Ctr., No. 22-CV-18, 2022 WL 17851799, at *4 (E.D.N.Y. Dec. 22, 2022) (rejecting complete preemption, Grable, and federal officer removal theories); see also Ranieri v. Providence Rest, Inc., No. 22-CV-1030, 2022 WL 2819411, at *1 (S.D.N.Y. July 19, 2022) (same) (collecting cases). Likewise, every Circuit court to have considered these arguments has reached the same conclusion. See Martin v. Petersen Health Operations, LLC, 37 F.4th 1210 (7th Cir. 2022) (rejecting complete preemption, Grable, and federal officer removal theories); Mitchell v. Advanced HCS, L.L.C., 28 F.4th 580 (5th Cir. 2022) (same); Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022) (same); Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021) (same).

The Court sees no reason to depart from this clear consensus. Accordingly, the Court adopts the reasoning of the above-cited cases and rejects Defendants' arguments that there is federal jurisdiction in this case under the PREP Act, the Grable doctrine, or the federal officer removal statute. Defendants have failed to establish that the Court has subject matter jurisdiction over this action and that removal was proper. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper.") (citation omitted). Therefore, Plaintiff's motion to remand is GRANTED. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, Suffolk County.

**SO ORDERED.**

Dated: January 13, 2023
Central Islip, New York

                                                  /s/   (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE